IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


JACOBY THOMAS,
     Petitioner,

vs.                                                    Case No.:  1:18cv137/AW/EMT

MARK S. INCH,
     Respondent.

_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Respondent's motion to dismiss Petitioner's

federal habeas petition as untimely (ECF No. 36).  Respondent submitted relevant

portions of the state court record (*see id.*, attachments).  Petitioner responded in

opposition to the motion to dismiss (ECF No. 38).

The case was referred to the undersigned for the issuance of all preliminary

orders and any recommendations to the district court regarding dispositive matters.

*See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R.

Civ. P. 72(b).  After careful consideration of all issues presented by the parties, it is

the opinion of the undersigned that the pleadings and attachments before the court

show that the habeas petition is timely; therefore, Respondent's motion to dismiss

should be denied.

I.      BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background are established by the state

court record (*see* ECF No. 36).  On June 2, 2011, a jury in the Circuit Court in and

for Alachua County, Florida, found Petitioner guilty of one count of robbery and one

count of aggravated battery (*see* Ex. 3).  On June 7, 2011, the state court sentenced

Petitioner to consecutive terms of fifteen (15) years in prison, for a total sentence of

thirty (30) years (*id.*).

Petitioner, through counsel, appealed the judgment and sentence to the Florida

First District Court of Appeal ("First DCA"), Case No. 1D11-3337 (*see* Ex. 1).  The

First DCA affirmed the judgment and sentence per curiam without written opinion

on October 12, 2012 (*see id.*).  *Thomas v. State*, 98 So. 3d 574 (Fla. 1st DCA 2012)

(Table).  The mandate issued October 30, 2012 (*see id.*).

On December 21, 2012, Petitioner filed a "Motion to Modify/Reduce

Sentence Due to Mitigation" in the state circuit court, pursuant to Rule 3.800(c) of

the Florida Rules of Criminal Procedure (Ex. 2).  The circuit court denied the motion

in an order rendered on January 4, 2013 (*see id.*).

On August 22, 2013, Petitioner filed a Motion to Correct Sentence in the state

circuit court, pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure

(Ex. 3).  The circuit court denied the motion in an order rendered on September 3,

2013 (*see id.*).  Petitioner appealed the decision to the First DCA, Case No. 1D13-

4723 (*see id.*).  The First DCA affirmed the lower court's decision on January 22,

2014 (*see id.*).  *Thomas v. State*, 133 So. 3d 934 (Fla. 1st DCA 2014) (Table).  The

mandate issued March 25, 2014 (*see id.*).

On May 13, 2014, Petitioner filed another Rule 3.800(a) motion in the state

circuit court (*see* Ex. 4).  The court denied the motion in an order rendered on July

18, 2014 (*see id.*).

On October 8, 2014, Petitioner filed a motion for post-conviction relief in the

state circuit court, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure

(Ex. 6).  The state circuit court summarily denied the motion in an order rendered on

March 10, 2017 (*see id.*).  Petitioner appealed the decision to the First DCA, Case

No. 1D17-1423 (*see id.*).  The First DCA affirmed the lower court's decision on May

17, 2018 (*see id.*).  *Thomas v. State*, 246 So. 3d 1170 (Fla. 1st DCA 2018) (Table).

The mandate issued June 14, 2018 (*see id.*).

Petitioner filed his initial § 2254 petition on July 13, 2018 (ECF No. 1).

II.    DISCUSSION

A one-year period of limitation applies to the filing of a habeas petition by a

person in custody pursuant to a state court judgment.  *See* 28 U.S.C. § 2244(d)(1).

The limitation period runs from the latest of:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal limitations period.  *See* 28 U.S.C. § 2244(d)(2).

The parties do not dispute that the appropriate statutory trigger for the federal limitations period in this case is the finality date of the judgment, pursuant to § 2244(d)(1)(A) (*see* ECF No. 36 at 4; ECF No. 38 at 3–4).  The judgment of conviction becomes final, for purposes of § 2244(d)(1)(A), upon expiration of the 90-day period in which a defendant may seek direct review of his conviction in the United States Supreme Court.  The 90-day period runs from the date of entry of the judgment sought to be reviewed.  *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d

1273, 1275 (11th Cir. 2006). Federal Rule of Civil Procedure 6(a) provides that

"[i]n computing any period of time prescribed or allowed by . . . any applicable

statute, the day of the act, event or default from which the designated period of time

begins to run shall not be included." Fed. R. Civ. P. 6(a); *see also Washington v.*

*United States,* 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation

of one-year statute of limitations under AEDPA).

Calculating the finality date in Petitioner's case, the 90-day period for seeking

certiorari review in the United States Supreme Court was triggered by the First

DCA's affirmance in the direct appeal, on October 12, 2012, and it expired 90 days

later, on January 11, 2013.[1] The federal limitations period commenced the next day

on January 12, 2013.

The limitations period ran untolled for **222 days**, until Petitioner filed his Rule

3.800(a) motion on August 22, 2013. That motion reached final disposition on

March 25, 2014, when the First DCA issued the mandate in Petitioner's post-

conviction appeal. *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000)

---

[1] During that period, Petitioner's Rule 3.800(c) motion was filed and reached final disposition in the state circuit court. *See State v. Akins*, 69 So. 3d 261, 266 (Fla. 2011) (an order denying a Rule 3.800(c) is nonappealable); *Linhares v. State*, 36 So. 3d 832, 833 (Fla. 1st DCA 2010) ("A motion to mitigate under rule 3.800(c) is discretionary with the court and is itself not appealable."). Because Petitioner has already been given the benefit of tolling for that period, he correctly concedes he is not entitled to any additional tolling for this motion (*see* ECF No. 38 at 3–4).

(where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court). The federal limitations period recommenced the next day on March 26, 2014.

The limitations period ran untolled for **48 days**, until Petitioner filed his second Rule 3.800(a) motion on May 13, 2014. That motion reached final disposition on August 18, 2014, upon expiration of the 30-day period for Petitioner to appeal the circuit court's order denying relief. *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383 (11th Cir. 2006) (holding that a post-conviction application remains "pending" until the time to seek appellate review expires if a petitioner does not file a notice of appeal).[2] The federal limitations period recommenced the next day on August 19, 2014.

The limitations period ran untolled for **50 days**, until Petitioner filed his Rule 3.850 motion on October 8, 2014. That motion reached final disposition on June 14, 2018, when the First DCA issued the mandate in Petitioner's post-conviction appeal. *See Nyland*, 216 F.3d at 1267. The federal limitations period recommenced the next day on June 15, 2018.

---

[2] Respondent's calculation of statutory tolling does not allow Petitioner the benefit of the 30-day period for appealing the order of dismissal (*see* ECF No. 36 at 5, ¶¶ 6–7). Respondent has not cited legal authority for its position, and *Cramer* refutes it.

Case No.:  1:18cv137/AW/EMT

The limitations period ran untolled for **28 days**, until Petitioner filed his initial § 2254 petition on July 13, 2018. At that time, only **348 days** of the 365-day federal limitations period had expired (222 days + 48 days + 50 days + 28 days = 348 days). Petitioner's § 2254 petition was thus timely.

III.   CONCLUSION

Petitioner's federal habeas petition was filed within the one-year statutory limitations period set forth in § 2244(d). Therefore, Respondent's motion to dismiss should be denied, and this matter recommitted to the undersigned for further proceedings on Petitioner's amended § 2254 petition.

Accordingly, it is respectfully **RECOMMENDED**:

1.     That Respondent's motion to dismiss (ECF No. 36) be **DENIED**.

2.     That this case be recommitted to the undersigned for further proceedings on Petitioner's amended habeas petition.

At Pensacola, Florida, this 18th day of March 2020.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No.:  1:18cv137/AW/EMT