UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JACOBY THOMAS,
      Petitioner,

vs.                            Case No.:  1:18cv137/AW/EMT

MARK S. INCH,
      Respondent.
_____/

## **REPORT AND RECOMMENDATION**

Petitioner Jacoby Thomas ("Thomas") filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 20).  Respondent ("the State") filed an answer and relevant portions of the state court record (ECF No. 42).  Thomas filed a reply and, at the court's direction, an amended reply (ECF Nos. 46, 48).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of the issues presented by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases.  It is

further the opinion of the undersigned that the pleadings and attachments before the court show that Thomas is not entitled to habeas relief.

I.    BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* ECF No. 42).[1]  Thomas was charged in the Circuit Court in and for Alachua County, Florida, Case No. 2010-CF-3132, with one count of robbery with a firearm (Count I) and one count of aggravated battery with a firearm (Count II) (Ex. 1 at 14–15 (information)).  Following a jury trial, Thomas was found guilty of robbery (a lesser included offense) and aggravated battery (with no additional finding that a firearm was used or possessed) (Exs. 4, 6, 7 (trial transcripts), Ex. 9 (verdicts).  On June 7, 2011, the court sentenced Thomas to fifteen years in prison on Count I and a consecutive term of fifteen years in prison on Count II, with pre-sentence jail credit of 306 days (Ex. 8 (sentencing transcript), Ex. 10 (judgment)).

Thomas, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D11-3337 (Ex. 12 (initial brief)).  The First DCA affirmed the judgment per curiam without written opinion on October 12,

---

[1] Citations to the state court record refer to the exhibits submitted with the State's answer (ECF No. 42).  If a cited page has more than one page number, the court refers to the "Bates stamp" page number in the middle of the bottom of the page.

2012 (*see* Ex. 14 (opinion)).  *Thomas v. State*, 98 So. 3d 574 (Fla. 1st DCA 2012)
(Table).  The mandate issued October 30, 2012 (*see* Ex. 14 (mandate)).

On December 21, 2012, Thomas filed a "Motion to Modify/Reduce Sentence
Due to Mitigation" in the state circuit court, pursuant to Rule 3.800(c) of the Florida
Rules of Criminal Procedure (ECF No. 36, Ex. 2).  The circuit court denied the
motion in an order rendered on January 4, 2013 (*see id.*).

On August 22, 2013, Petitioner filed a Motion to Correct Sentence in the state
circuit court, pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure
(ECF No. 36, Ex. 3).  The circuit court denied the motion in an order rendered on
September 3, 2013 (*see id.*).  Thomas appealed the decision to the First DCA, Case
No. 1D13-4723 (*see id.*).  The First DCA affirmed the lower court's decision on
January 22, 2014 (*see id.*).  *Thomas v. State*, 133 So. 3d 934 (Fla. 1st DCA 2014)
(Table).  The mandate issued March 25, 2014 (*see* ECF No. 36, Ex. 3).

On May 13, 2014, Petitioner filed another Rule 3.800(a) motion in the state
circuit court (ECF No. 36, Ex. 4).  The court denied the motion in an order rendered
on July 18, 2014 (*see id.*).

On October 8, 2014, Thomas filed a motion for post-conviction relief in the
state circuit court, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure
(Ex. 16 at 1–34).  The circuit court summarily denied the Rule 3.850 motion on

March 10, 2017 (*id.* at 38–173). Thomas appealed the decision to the First DCA, Case No. 1D17-1423 (Ex. 17). The First DCA affirmed the circuit court's decision per curiam without written opinion on May 17, 2018 (*see* Ex. 18). *Thomas v. State*, 246 So. 3d 1170 (Fla. 1st DCA 2018) (Table). The mandate issued June 14, 2018 (*see* Ex. 18).

Thomas filed the instant federal habeas action on July 13, 2018 (ECF No. 1). He filed an amended § 2254 petition on April 19, 2019 (ECF No. 20).

## II.   STANDARD OF REVIEW

A federal court "shall not" grant a habeas corpus petition on any claim that was adjudicated on the merits in state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362 (2000).[2] Justice O'Connor described the appropriate test:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable

---

[2] Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring).

Under the *Williams* framework, the federal court must first determine the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision."  *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003).  After identifying the governing legal principle, the federal court determines whether the state court's adjudication is contrary to the clearly established Supreme Court case law.  The adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases.  *See Early v. Packer*, 537 U.S. 3, 8 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.").

If the "contrary to" clause is not satisfied, the federal court determines whether the state court "unreasonably applied" the governing legal principle set forth in the Supreme Court's cases.  The federal court defers to the state court's reasoning unless the state court's application of the legal principle was "objectively unreasonable" in light of the record before the state court.  *See Williams*, 529 U.S. at 409; *Holland v.*

*Jackson*, 542 U.S. 649, 652 (2004).  "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Section 2254(d) also allows habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding.  *See Gill v. Mecusker*, 633 F.3d 1272, 1292 (11th Cir. 2011).  As with the "unreasonable application" clause, the federal court applies an objective test.  *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding.").  "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."  *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams*, 529 U.S. at 410).  AEDPA also requires federal courts to "presume the correctness of state courts' factual findings unless applicants rebut this

presumption with 'clear and convincing evidence.'" *Landrigan*, 550 U.S. at 473–74

(quoting 28 U.S.C. § 2254(e)(1)).

The Supreme Court has often emphasized that a state prisoner's burden under

§ 2254(d) is "difficult to meet, . . .  because it was meant to be." *Richter*, 562 U.S.

at 102.  The Court elaborated:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete
> bar on federal-court relitigation of claims already rejected in state
> proceedings. *Cf. Felker v. Turpin*, 518 U.S. 651, 664, 116 S. Ct. 2333,
> 135 L. Ed. 2d 827 (1996) (discussing AEDPA's "modified res judicata
> rule" under § 2244).  It preserves authority to issue the writ in cases
> where there is no possibility fairminded jurists could disagree that the
> state court's decision conflicts with this Court's precedents.  It goes no
> further.  Section 2254(d) reflects the view that habeas corpus is a "guard
> against extreme malfunctions in the state criminal justice systems," not
> a substitute for ordinary error correction through appeal. *Jackson v.
> Virginia*, 443 U.S. 307, 332, n.5, 99 S. Ct. 2781, 61 L. Ed. 2d 560
> (1979) (Stevens, J., concurring in judgment).  As a condition for
> obtaining habeas corpus from a federal court, a state prisoner must
> show that the state court's ruling on the claim being presented in federal
> court was so lacking in justification that there was an error well
> understood and comprehended in existing law beyond any possibility
> for fairminded disagreement.

*Richter*, 562 U.S. at 102–03 (emphasis added).

If the federal court determines that the petitioner satisfied § 2254(d), the court

conducts an independent review of the merits of the petitioner's claim. *See Panetti

v. Quarterman*, 551 U.S. 930, 954 (2007).  In that case, the petitioner must show that

he is in custody "in violation of the Constitution or laws and treaties of the United

States," *see* 28 U.S.C. § 2254(a), and that the constitutional error resulted in "actual prejudice," meaning, the error "had a substantial and injurious effect or influence in determining the jury's verdict," *see Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (internal quotation marks and citation omitted).

III.    THOMAS' CLAIM[3]

>   **Ground One, Sub-Ground B: "Trial counsel was ineffective for failing to file a motion for arrest of judgment based upon legally inconsistent verdicts."**

Thomas alleges the offenses with which he was charged (robbery with a firearm and aggravated battery with a firearm) occurred simultaneously, and there was only one purported firearm used during the offenses (ECF No. 20 at 7–8). Thomas alleges the jury was instructed on the principal theory of liability (*id.*).  He alleges the jury found him guilty of "simple robbery" thus finding that neither he, nor a person with whom he was a principal, carried a firearm or deadly weapon during commission of the robbery (*id.*).  Thomas alleges the jury also found him guilty of aggravated battery (of which use of a deadly weapon was an element), but the jury made no additional finding that he possessed or used a firearm during the commission of the aggravated battery (*id.*).  Thomas alleges unlike the verdict form

---

[3]  In Thomas' Amended Reply, he states he is withdrawing Sub-Grounds A, C, and D of Ground One as well as the entirety of Ground Two (which includes Sub-Grounds A and B) and proceeding only on Sub-Ground B of Ground One (*see* ECF No. 48 at 1–2).

with respect to the robbery charge, the verdict form with respect to the aggravated battery charge did not include a special interrogatory asking whether Thomas' co-defendant possessed or used a firearm (*id.*).   Thomas contends it is legally inconsistent and implausible to interpret the verdict on the aggravated battery charge as finding him culpable for his co-defendant's alleged use of a deadly weapon when the jury found, in its verdict on the robbery charge, that neither Thomas nor his co-defendant carried a firearm (*id.*).

Thomas contends defense counsel was ineffective for failing to make a motion for arrest of judgment as to the verdict on the aggravated battery charge (ECF No. 20 at 7–8).  Thomas contends if counsel had made a motion, either the trial court or the appellate court on direct appeal would have been obligated to discharge the verdict on the aggravated battery charge or at least reduce the offense to simple battery (Thomas admits there was sufficient evidence to support a simple battery conviction) (*id.*).  Thomas argues this would have resulted in a total sentence of only fifteen years instead of thirty (*id.* at 8).

Thomas states he presented this ineffective assistance of trial counsel ("IATC") claim as Ground Six of his Rule 3.850 motion (*see* ECF No. 48 at 1–2). He alleges he also argued it in his post-conviction appeal to the First DCA (*see id.* at 2 n.1).

The State concedes that Thomas exhausted this claim in the state courts (*see* ECF No. 42 at 6). The State contends use of a deadly weapon was an essential element of the aggravated battery charge, and by finding Thomas guilty of aggravated battery, as opposed to simple battery, the jury necessarily found that Thomas or a co-defendant used a deadly weapon, even though the jury did not make an additional finding that Thomas possessed or discharged a firearm during the offense (*id.* at 14–22). The State contends Thomas has not demonstrated he is entitled to federal habeas relief on this IATC claim (*id.*).

## A.    Clearly Established Federal Law

The standard for evaluating claims of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To obtain relief under *Strickland*, the petitioner must show (1) deficient performance by counsel and (2) a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 687–88. If the petitioner fails to make a showing as to either performance or prejudice, he is not entitled to relief. *Id.* at 697.

The focus of inquiry under the performance prong of *Strickland* is whether counsel's assistance was "reasonable considering all the circumstances," and reasonableness is measured "under prevailing professional norms." *Strickland*, 466

U.S. at 688. "The petitioner's burden to prove, by a preponderance of the evidence, that counsel's performance was unreasonable is a heavy one." *Jones v. Campbell*, 436 F.3d 1285, 1293 (11th Cir. 2006) (citing *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc)). "Judicial scrutiny of counsel's performance must be highly deferential," and courts should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. "[T]here are no 'absolute rules' dictating what reasonable performance is . . . ." *Michael v. Crosby*, 430 F.3d 1310, 1320 (11th Cir. 2005) (quoting *Chandler*, 218 F.3d at 1317). Indeed, "'[a]bsolute rules would interfere with counsel's independence—which is also constitutionally protected— and would restrict the wide latitude counsel have in making tactical decisions.'" *Michael*, 430 F.3d at 1320 (quoting *Putman v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001)).

If the record is not complete regarding counsel's actions, "then the courts should presume that what the particular defense lawyer did at trial—for example, what witnesses he presented or did not present—were acts that some lawyer might do." *Jones*, 436 F.3d at 1293 (citing *Chandler*, 218 F.3d at 1314–15 n.15). "Even if many reasonable lawyers would not have done as defense counsel did at trial, no

relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Counsel's performance is deficient only if it is "outside the wide range of professional competence." *Jones*, 436 F.3d at 1293 (citing *Strickland*, 466 U.S. at 690); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation").

As to the prejudice prong of the *Strickland* standard, the petitioner's burden is high. *See Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002). To establish prejudice, the petitioner must show "that every fair-minded jurist would conclude 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Jones v. GDCP Warden*, 753 F.3d 1171, 1184 (11th Cir. 2014) (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome," not that counsel's conduct more likely than not altered the outcome of the proceeding. *Id.* (citation omitted). And the petitioner must show that the likelihood of a different result is substantial, not just conceivable. *Williamson v. Fla. Dep't of Corr.*, 805 F.3d 1009, 1016 (11th Cir. 2015) (citing *Richter*, 562 U.S. at 112). "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a

reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695.  The prejudice assessment does "not depend on the idiosyncracies [sic] of the particular decisionmaker," as the court should presume that the judge or jury acted according to law.  *Id.* at 695.

Finally, when a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact.  *Strickland*, 466 U.S. at 698; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999).  "Surmounting *Strickland's* high bar is never an easy task."  *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult."  *Richter*, 131 S. Ct. at 788.  As the *Richter* Court explained:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so.  The *Strickland* standard is a general one, so the range of reasonable applications is substantial.  Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.* (citations omitted).

### B.    Federal Review of State Court Decision

In Ground Six of his Rule 3.850 motion, Thomas argued that the jury

convicted him of simple robbery under § 812.13(2)(c), and by doing so found that

the State did not prove beyond a reasonable doubt that either he or a person with

whom he was a principal used or possessed a firearm or weapon (*see* Ex. 16 at 18–

19).  Thomas argued that the jury's acquitting him of robbery with a firearm negated

a necessary element for a conviction on aggravated battery, specifically, that he or a

person with whom he was a principal used a deadly weapon in committing the

battery (*id.*).  Thomas argued defense counsel was deficient to making a motion to

arrest judgment under Rule 3.610(c) of the Florida Rules of Criminal Procedure (*id.*).

Thomas argued if defense counsel had raised this issue, there was a reasonable

probability the outcome of the proceeding would have been different (*id.* at 19).

In the state circuit court's written decision denying the claim, the court applied

the two-pronged *Strickland* standard (Ex. 16 at 40).  The state circuit court provided

the following reasons for denying relief on Ground Six:

> As to Ground Six, Defendant alleges that trial counsel was
> ineffective for failing to file a motion for arrest of judgment pursuant
> to Fla. R. Crim. P. 3.610(c) ("The verdict is so uncertain that it does not
> appear therefrom that the jurors intended to convict the defendant of an
> offense of which the defendant could be convicted under the indictment
> or information under which the defendant was tried.").  According to
> Defendant, because the jury did not find that either he or another person
> possessed and discharged a firearm, he could not be convicted of

> Aggravated Battery.  *See* Verdict.  The fact that the jury found Defendant guilty of Aggravated Battery is sufficient to establish that they believed he was a principal to the offense, regardless of whether they believed he actually possessed and discharged a firearm.  For this reason, had counsel moved for arrest of judgment, the motion would have been denied.  Because the motion would have been denied, Defendant fails to show either error by counsel or prejudice.

(Ex. 16 at 44).

Thomas appealed the circuit court's decision to the First DCA and argued this issue in his initial brief (*see* Ex. 17 at 7–10).  The First DCA affirmed the decision without explanation (Ex. 18).

The First DCA's decision is the relevant state court decision for purposes of § 2254(d).  But where, as here, the relevant state court decision on the merits does not come accompanied with the state court's reasons, the federal court should "look through" the unexplained decision to the last related state court decision that does provide a relevant rationale.  *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). The federal court should then presume that the unexplained decision adopted the same reasoning.  *Id.*

To be clear, Thomas is not arguing that the jury's supposedly inconsistent verdicts violated his rights under the federal Constitution.  If that were his argument, it would fail because the Supreme Court has said many times that inconsistent jury verdicts resulting in a conviction are not unconstitutional.  *See Dowling v. United*

*States*, 493 U.S. 342, 353–54 (1990); *United States v. Powell,* 469 U.S. 57, 65, 69 (1984); *Harris v. Rivera*, 454 U.S. 339, 345 (1981); *Dunn v. United States*, 284 U.S. 390, 393 (1932). Instead, Thomas is arguing under *Strickland* that his trial counsel was unconstitutionally ineffective for failing to move for arrest of judgment on the ground that the jury's verdicts were inconsistent under Florida law. Unlike the federal Constitution, Florida state law provides that in certain situations inconsistent jury verdicts warrant vacating a conviction. *See, e.g., Redondo v. State*, 403 So. 2d 954, 956 (Fla. 1981); *Mahaun v. State*, 377 So. 2d 1158, 1161 (Fla. 1979). What this federal court is addressing, then, is a *Strickland* claim that turns on an issue of Florida law.

The state court already passed on the state law question underlying Thomas' *Strickland* claim. It determined that Thomas' argument did not state a basis for relief under Rule 3.160(c), so a motion for arrest of judgment under that Rule would have been denied. This federal court must defer to the state court's interpretation of state law. *See Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1295 (11th Cir. 2017) ("[W]e must defer to the state's construction of its own law when the validity of the claim that [trial] counsel failed to raise turns on state law.") (quotation marks omitted); *see also, e.g., Senelus v. Attorney General, Fla.*, 806 F. App'x 806, 808 n.2 (11th Cir. 2020) (unpublished but recognized as persuasive authority) ("The state court did not

pass on the state law question underlying Senelus' *Strickland* claim [i.e., whether counsel was ineffective for failing to move for a judgment of acquittal on the ground that the jury's verdicts were inconsistent]. If it had done so, we would defer to its interpretation of state law and stop our analysis there.") (citing *Pinkney*, *supra*).

Deferring to the state court's determination that a motion for arrest of judgment based upon inconsistent verdicts would have been denied. The state court reasonably concluded that defense counsel was not deficient for failing to make the motion, and there is no reasonable probability the result of trial would have been different if counsel had made the motion.

Thomas failed to demonstrate that the state court's rejection of Ground One, Sub-Ground B was contrary to, or an unreasonable application of, clearly established federal law. Therefore, he is not entitled to federal habeas relief.

IV.  CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice

of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  *Miller-El*, 537 U.S. at 336 (quoting § 2253(c)(2)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'"  *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327).  The petitioner here cannot make that showing.  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.    That the amended petition for writ of habeas corpus (ECF No. 20) be **DENIED**.

2.     That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 22nd day of July 2020.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**