IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**JACOBY THOMAS,**

    **Petitioner,**

**v.**                                                                 Case No. 1:18-cv-137-AW-EMT

**MARK S. INCH,**

    **Respondent.**

_____/

**ORDER DENYING § 2254 PETITION**

Jacoby Thomas is serving two consecutive 15-year sentences, following his convictions for robbery and aggravated battery. He has petitioned for § 2254 relief. ECF No. 20. The petition raised several claims, but Thomas has withdrawn all but one. ECF No. 20; *see also* ECF No. 48 (withdrawing claims).

The magistrate judge issued a Report and Recommendation, recommending denial. ECF No. 49. I have carefully considered the Report and Recommendation, and I have carefully considered de novo the issues raised in Thomas's timely objections. ECF No. 52. I now conclude that the petition should be denied.

Thomas's claim is that his counsel was ineffective for not arguing that there were inconsistent verdicts. He and a codefendant were charged after a robbery that involved a shooting. A third person fled and was never found. The jury found Thomas guilty of Count I (Robbery) and Count II (Aggravated Battery). As to Count I, the jury was given special interrogatories, asking whether Thomas possessed or

discharged a firearm, and whether another person "which the defendant was a principal with" possessed a firearm, used another deadly weapon, or used some other weapon. The jury did not make any of those findings. The jury also received a special interrogatory as to Count II, asking whether Thomas possessed or discharged a firearm during the offense. It did not make either finding. On the aggravated battery charge, though, the jury was instructed that a conviction required proof that "Thomas or a person he was a principal with, in committing the battery, used a deadly weapon."

Thomas's argument is that because the jury did not find the use of any weapon as to Count I, its verdict as to Count II—which depended on use of a deadly weapon—was inconsistent. He says his counsel was ineffective for not moving "for arrest of judgment based upon legally inconsistent verdicts." ECF No. 20 at 7.

He raised this issue in his state postconviction motion, and the court rejected it. The court concluded this:

> The fact that the jury found Defendant guilty of Aggravated Battery is sufficient to establish that they believed he was a principal to the offense, regardless of whether they believed he actually possessed and discharged a firearm. For this reason, had counsel moved for arrest of judgment, the motion would have been denied. Because the motion would have been denied, Defendant fails to show either error by counsel or prejudice.

ECF No. 49 at 15 (quoting record). The First District Court of Appeal affirmed without opinion.

2

I agree with the magistrate judge that Thomas cannot succeed on this claim. As a matter of Florida law, Thomas's verdicts were not legally inconsistent. "As a general rule, inconsistent jury verdicts are permitted in Florida. Inconsistent verdicts are allowed because jury verdicts can be the result of lenity and therefore do not always speak to the guilt or innocence of the defendant." *Brown v. State*, 959 So. 2d 218, 220 (Fla. 2007) (quoting *State v. Powell*, 674 So. 2d 731, 732-33 (Fla. 1996)). The Florida Supreme Court has "recognized only one exception to the general rule allowing inconsistent verdicts. This exception, referred to as the 'true' inconsistent verdict exception, comes into play when verdicts against one defendant on legally interlocking charges are truly inconsistent." *Id.* (quoting *Powell*). Thus, for example, when a defendant is convicted of possessing a firearm during the commission of a felony but the jury acquits as to all underlying felony charges, there is a "true" inconsistent verdict. *See id.* at 221 (citing *Redondo v. State*, 403 So. 2d 954 (Fla. 1981)).

Here, Thomas's convictions were not interdependent or "interlocking." Neither was an element of the other. This is not like *Brown*, where a felony murder charge (which depends on another felony) could not stand without a felony conviction. *Id.*; *cf. Senelus v. Att'y Gen.*, 806 F. App'x. 806, 809 (11th Cir. 2020) ("But Senelus has not shown that the jury's verdicts were legally inconsistent. Carjacking is not an essential element of robbery in the same way that an underlying

3

felony is an essential element of felony murder. Florida law does not require the State to prove that a defendant committed a carjacking before he may ever be convicted of robbery."). Instead, the argument is that a *fact* necessary on one count (use of deadly weapon) was not found by the jury on the other count. This is, then, an argument that the two counts are factually inconsistent. The Florida Supreme Court, though, has made clear that factually inconsistent verdicts are not problematic. *State v. Connelly*, 748 So. 2d 248, 252 (Fla. 1999) ("We have not extended the truly inconsistent verdict exception to verdicts that are factually inconsistent."); *see also Senelus*, 806 F. App'x. at 809 (11th Cir. 2020).

In his objection, Thomas cites *Zelaya v. State*, 257 So. 3d 493 (Fla. 4th DCA 2018). And to be sure, that case supports his position. In *Zelaya*, the defendant was charged with three counts of robbery with a firearm or deadly weapon, two counts of attempted robbery with a firearm or deadly weapon, and a single count of aggravated battery with a deadly weapon. *Id.* at 495. As to the first three counts, the jury convicted of the lesser offense of robbery with a weapon (as opposed to a firearm or deadly weapon). It likewise convicted of the lesser with-a-weapon offense as to the attempted robbery counts. But it found the defendant guilty of aggravated battery with a deadly weapon. *Id.* Relying on *Brown*, the court held that "a jury's finding that a defendant did not possess a firearm but at the same time used a firearm

4

or deadly weapon is legally inconsistent when the possession or use is a necessary element of the crime." *Id.* at 496.

But *Zelaya*'s conclusion does not square with Florida Supreme Court precedent on this issue. *Zelaya* says nothing about the need for interdependent counts. And regardless, *Zelaya* issued years after Thomas's trial and would not have been binding on Thomas's trial court anyway. Finally, as the magistrate judge notes, the state court already determined that—contrary to Thomas's argument—there was no basis for the state-law relief he sought, and federal courts must defer to a state's interpretation of its own laws. ECF No. 49 (citing *Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1295 (11th Cir. 2017); *Senelus v. Attorney General*, 806 F. App'x 806, 808 n.2 (11th Cir. 2020).

In short, Thomas has not shown entitlement to relief.

The last issue is whether to grant a certificate of appealability. Because I conclude Thomas has made no "substantial showing of the denial of a constitutional right," no certificate will issue. *See* 28 U.S.C. § 2253(c)(2).

It is now ORDERED that the Report and Recommendation (ECF No. 49) is adopted and incorporated into this order. The clerk will enter judgment that says, "The § 2254 petition is denied on the merits without an evidentiary hearing. A certificate of appealability is DENIED." The clerk will close the file.

SO ORDERED on December 10, 2020.

                                                s/ *Allen Winsor*
                                                United States District Judge